**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                           No. 96-4392

LONNIE OTTS,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
William G. Connelly, Magistrate Judge.
(CR-95-391-AW)

Submitted: August 27, 1996

Decided: January 21, 1997

Before ERVIN, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James K. Bredar, Federal Public Defender, Beth M. Farber, Assistant
Federal Public Defender, Greenbelt, Maryland, for Appellant. Lynne
A. Battaglia, United States Attorney, Hollis Raphael Weisman, Assis-
tant United States Attorney, Hyattsville, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Lonnie Otts appeals his conviction for possession of stolen property, 36 C.F.R. § 2.30(a)(1) (1996). Because there was sufficient evidence to convict, we affirm.

I

Stephen Laws testified that on the morning of October 11, 1994, his pickup truck broke down on the southbound side of the Baltimore-Washington Parkway. John Gott, a Park Police officer, was patrolling on the northbound side of the highway when he noticed Laws sitting next to his truck. By the time Gott had turned around and arrived on the scene, Laws had left to obtain assistance. However, a car had parked behind Laws's truck. Gott observed a male standing next to the truck and another male, later identified as Otts, sitting in the car's passenger seat. Gott asked the first man what he was doing. He replied that he was fixing the oil filter on his brother's truck. The man then entered the car and hastily drove away.

Gott was suspicious that someone who was repairing a truck would leave so abruptly. He ascertained that the truck was registered to Laws and asked a communications officer to contact Laws to see if he knew the location of his truck. Gott also advised the communications officer that he was following the car that had left the scene at a high rate of speed. Gott noticed that the rear hatch window of the car was broken. A check of the car's license plate revealed that the car had been reported stolen.

Gott stopped the car and noticed that its ignition lock had been broken. He observed a first aid kit, a case of motor oil, and spools of wire in the car's back seat. Gott learned from another officer who was with Laws's truck that there was a sign of forced entry (a smashed passenger vent window) to the truck and that Laws had returned to his truck.

Gott returned to the truck and asked Laws if anything was missing from the truck. Laws replied that he was missing spools of wire, a

2

case of motor oil, and a first aid kit. Laws identified the items found in the car as his wire, oil, and first aid kit, and Gott returned those items to Laws. Laws informed the officers that when he left the scene, the passenger window of his truck was not broken. Further, a crowbar and bolt cutters found in the truck did not belong to Laws.

A magistrate judge found Otts guilty of possession of stolen property. He rejected Otts's claim that his presence was innocent. The magistrate judge concluded that the following facts established his guilt: Otts's presence at the crime scene; his presence in a stolen car which hastily left the scene; and his presence in a car where items stolen from the truck were in plain view. The magistrate judge sentenced Otts to probation of two years.

Otts appealed to the district court, which concluded that there was sufficient evidence to convict. The district court found that the evidence established that Otts either stole the items or aided and abetted the driver of the car in stealing them. Further, the court determined that Otts either actually or constructively possessed the stolen items. Otts now appeals this decision.

II

On appeal, Otts argues that his presence at the crime scene was innocent. It is true that mere presence at a crime scene is insufficient to establish either possession of contraband or aiding and abetting criminal activity. See United States v. Rusher , 966 F.2d 868, 878 (4th Cir.), cert. denied, 506 U.S. 926 (1992); United States v. Spoone, 741 F.2d 680, 686 (4th Cir. 1984), cert. denied, 469 U.S. 1162 (1985).

The evidence in this case, however, demonstrates that Otts was more than merely present at the crime scene. He was travelling in an obviously stolen car which pulled in behind a disabled truck. He was present when either he or the driver of the car smashed the passenger window of the truck. He was there when the items were stolen from the truck and placed in the car. When Gott arrived on the scene, Otts was seated in the car with the stolen items in plain view. At the same time, the driver of the car was beside the truck. It is fair to infer that the driver was searching for more items to steal or that he intended to retrieve the crowbar and bolt cutters that were ultimately left in the

3

cab of the truck. Otts remained in the car when it departed hastily from the scene.

Otts was convicted of "[o]btaining or exercising unlawful possession over the property of another with the purpose to deprive the owner of the property." 36 C.F.R. § 2.30(a)(1). The evidence in this case supports a finding that Otts at the least aided and abetted the driver of the car in stealing the property.

The evidence further shows that Otts at least constructively possessed property belonging to Laws. "Constructive possession exists when the defendant exercises, or has the power to exercise, dominion and control over the item," United States v. Laughman, 618 F.2d 1067, 1077 (4th Cir.), cert. denied, 447 U.S. 925 (1980), and has knowledge of the item's presence, United States v. Bell, 954 F.2d 232, 235 (4th Cir. 1992). Constructive possession is susceptible of proof by circumstantial as well as direct evidence. Laughman, 618 F.2d at 1077. Here, Otts was seated alone in the car with items he knew to have been stolen in full view. This is sufficient to show that he had dominion and control over those items.

III

We accordingly affirm the conviction. We dispense with oral argument because our review of the materials before us reveals that argument would not aid the decisional process.

AFFIRMED

4